construction law the repeal of the section would not affect the right of a creditor to enforce the obligation of stockholders which existed at the time the amendment took effect.

We think, therefore, that the defendant was liable to the plaintiffs for the amount of the judgment against the corporation, and that the verdict of the jury that the debt had been paid was clearly against the weight of evidence. It follows that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

### SCHULTZ v. GUTMAN et al.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. CONTEMPT OF COURT—MORTGAGE FORECLOSURE—RECEIVER.

A defendant in a mortgage foreclosure action, who is in possession of the premises under a lease, is in contempt for collecting rent of a tenant after service on him of an order appointing a receiver, and directing the receiver to, and enjoining the owner of the fee, her agents and servants, not to, collect rents; but he is not in contempt for instituting dispossess proceedings against a tenant after appointment of the receiver, but before service of the order.

Appeal from special term, New York county.

Action by Mary C. Schultz against Alma Gutman and others. From an order adjudging defendant Ignos Luft in contempt, he appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Ralph Nathan, for appellant.
Joseph M. Lesser, for respondents.

INGRAHAM, J. This action was commenced on April 18, 1901, to foreclose a mortgage upon certain property in the city of New York. The appellant was made a party defendant, and was served with a summons and notice of the object of the action on April 29, 1901. On May 4, 1901, a receiver of the rents and profits of the mortgaged premises was duly appointed and qualified. On May 28, 1901, the appellant was served with a copy of the order appointing the receiver. The appellant submitted an affidavit alleging that he entered into possession of the property on March 6, 1901, by virtue of a lease executed February 20, 1901; that on May 15th he collected rent from one Rogers, a tenant, amounting to $65, and from other tenants he collected $35 for rent which accrued on the 1st day of June, and $17.50 which accrued on the 1st day of July. It further appeared that the appellant had, after the appointment of this receiver, on May 5, 1901, instituted dispossess proceedings against a tenant in possession of the property, and that in consequence thereof the receiver was put to the expense of employing counsel, and lost rents which he otherwise would have been able to collect. Upon these facts the court below adjudged the appellant in contempt, and a reference was ordered to ascertain and re-

port the amount of damages sustained by the plaintiff and the receiver by reason of the misconduct of the appellant.

The appellant concedes that after the service of the order appointing a receiver upon him he collected rent of the property, notwithstanding the order, which directed the receiver to collect the rents, and which restrained the owner of the fee, her agents and servants, from collecting any rents of the premises after the appointment of the receiver. Any interference by this appellant with the rents and profits after the order appointing the receiver was served upon him was a contempt of court, for which he should be punished. So far as the institution of the dispossess proceeding was concerned, however, I do not see that upon these papers the appellant is guilty of contempt. These proceedings were instituted on May 5, 1901. The only evidence as to the service of the order appointing the receiver is the admission of the appellant that he received it on the 28th day of May. There is no evidence that he had knowledge of the appointment of the receiver at the time he commenced these proceedings. There is nothing, therefore, to justify the court in punishing him for the institution of these proceedings, or for the expense incurred by the receiver in consequence thereof. It would seem that such a reference to take proof of the damage sustained by the receiver was unnecessary. The appellant should be required to pay to the receiver the amount of rent collected after the order for the appointment of the receiver was served upon him, but the amount of such rents appears from the affidavit.

I think, therefore, the order should be modified by adjudging the appellant guilty of contempt, and requiring him to repay to the receiver the amount of rents collected by him after the order appointing the receiver had been served upon him, with $10 costs of the motion in the court below, and without costs of this appeal. If he fails to pay this sum thus awarded within 10 days after the service of this order upon him or his attorney, he should be committed as guilty of contempt. The order, as thus modified, affirmed, without costs.

Order modified as directed in opinion, and, as modified, affirmed, without costs. All concur.